Argued 27 June, decided 3 July, 1905.

**CALBREATH *v.* DUNBAR.**

81 Pac. 366.

STATUTES—IMPLIED REPEAL—PAYMENT OF STATE EMPLOYEES.

Laws 1905, p. 192, c. 99, providing for the monthly payment of salaries of certain employees and officers of the State by warrants drawn by the Secretary of State on the State Treasurer for the aggregate amount allowed in favor of the superintendent, president, or other officer of the institution, who is required to give bond to the State to pay over the proceeds of such warrant immediately to the persons entitled thereto, and repealing laws in conflict therewith, was an independent act, and did not repeal or affect B. & C. Comp. § 2398, declaring that no warrant shall be drawn by the Secretary of State in payment of any claim against it unless an appropriation has first been made therefor.

From Marion: WILLIAM GALLOWAY, Judge.

Mandamus by J. F. Calbreath, as Superintendent of the Oregon State Insane Asylum, against F. I. Dunbar, as Secretary of State. From a judgment denying the writ, relator appeals.                                        AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. John A. Carson* and *Mr. A. M. Cannon.*

For respondent there was a brief over the name of *A. M. Crawford,* Attorney General, with an oral argument by *Mr. Isaac Homer Van Winkle.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a mandamus proceeding instituted by the superintendent of the asylum to compel the Secretary of State to issue a warrant in his favor for the salaries of the officers and employees of that institution for the month of May, 1905. The defense of the Secretary is that there is no appropriation available for the payment of such a warrant. Section 2398, B. & C. Comp., reads: "No warrant shall be drawn by the Secretary of State in payment of any claim against the State unless an appropriation has first been made for the payment thereof; but, where such claim has been incurred in pursuance of authority of law, but no appropriation has been made for its payment, or, if made, has been exhausted, the Secretary shall audit such claim, and, if allowed, shall issue to the claimant a certificate as evidence of such allowance." Under this section it is manifest that the Secretary is not only without authority to issue the warrant demanded by the plaintiff, but would violate his official duty if he did so. As said in *Boyd* v. *Dunbar,* 44 Or. 380 (75 Pac. 695), his duties are "confined to examining and determining the claims of persons against the State 'in cases where provisions for the payment thereof shall have been made by law'; and he has no authority or power to draw a warrant in favor of any claimant, unless there is at the time an unexhausted appropriation for its payment. Such are the mandatory provisions of the statute; the latter having been enacted for the express purpose of changing the policy previously prevailing, which was approved in *Shattuck* v. *Kincaid,* 31 Or. 379, 393 (49 Pac. 758)."

It is argued, however, on behalf of the plaintiff, that the act of 1905 (Laws 1905, p. 192, c. 99), providing for the payment monthly of the salaries of certain employees and officers of the State, repeals in part, by implication, Section 2398. It is entitled "An act to provide for the payment of the salaries or compensation, monthly, of the officers and employees of the State University, the State Normal Schools, the Oregon School for Deaf-Mutes, the Oregon Institute for the Blind, the Oregon State Insane Asylum, the Oregon Soldiers' Home, the Oregon State Penitentiary, the Oregon State Reform School, employees at the Capitol Building, and those employees in the operation and maintenance of the State Fish Hatcheries." Section 1 thereof provides that the payment of the salaries of the officers and employees of the institutions and boards named, where such salaries or compensation is payable out of the state treasury and is fixed at a definite rate per day, week, month or year, shall hereafter be made monthly as therein provided. Section 2 requires the superintendent or president of the board or institution named, or such other officer as may be designated, to make out and transmit to the Secretary of State at the end of each month a pay roll, duly certified by him and approved by the proper auditing committee or officer, showing the names of the several employees and the amount due each. If the Secretary approves such roll, he "shall draw a warrant on the State Treasurer for the aggregate amount allowed by him thereon in favor of the superintendent, president or other officer of such institution, who shall immediately pay over the moneys received thereon to the several parties entitled thereto,. taking receipts therefor, which shall be transmitted to the Secretary of State." Section 3 (page 193) requires the superintendent or other officer, before forwarding the pay roll to the Secretary of State, or receiving a warrant issued thereon, to give a bond to the State for the benefit of whomever it may concern, conditioned that he will faithfully pay over the moneys received by him on the warrant to the several parties entitled thereto. Section 4 requires all institutions and boards whose officers or employees are to be paid monthly to give the names of all persons so paid, with the rate of compensation of each and the aggregate amount paid to each,

in their annual or biennial reports to the Governor or legislature. Section 5 repeals all laws and parts of laws, so far as they are in conflict with the act.

It will be observed that this law does not in terms repeal, amend or modify in any way, Section 2398. And repeals or amendments by implication are not favored. It is the duty of the court to give force and effect to all legislative enactments when it can do so without violence to the language used or the recognized rules of interpretation. "It is a reasonable presumption," says this court in *Booth's Will,* 40 Or. 154 (61 Pac. 1135, 66 Pac. 710), "that all laws are passed with knowledge of those already existing, and that the legislature does not intend to repeal a statute without so declaring. It is therefore the duty of the court to adopt any reasonable construction that will give effect to both acts, and, in order that one may have the effect of repealing another by implication, its conflict with the former act must be 'so positive as to be irreconcilable by any fair, strict or liberal construction of it, which would, without destroying its evident intent and meaning, find for it a reasonable field of operation, preserving, at the same time, the force of the earlier law, and construing both together in harmony with the whole course of legislation upon the subject.'" Now, there is no difficulty in construing Section 2398 and the act of 1905 so that both can stand. The former is a general law, intended to prohibit the issuing of warrants on any claim against the State unless there is an unexpended appropriation for its payment. The latter merely regulates the mode and method of procedure in the matter of the payment of the salaries of the officers and employees of certain state institutions and boards. Its manifest design was to make the payment of the salaries of such persons monthly, to simplify the procedure in the office of the Secretary of State, and to relieve that office and that of the State Treasurer of the extra labor, and the State of the expense, of issuing a warrant to each individual, and paying and keeping an account thereof. Heretofore, in most instances, the salaries of all state employees were payable quarterly, and the law required the issuance of a warrant for each separate claim. This was not only inconvenient to the employees, but entailed an unnecessary

expense on the State. To obviate this inconvenience and expense, the law of 1905 provides for but one warrant covering the monthly pay roll, and makes the payee a disbursing officer of the money received thereon. The warrant, when issued, does not belong to him. He has no claim to it in his own right. His duty is to receive and cash the warrant, and "immediately pay over the money received thereon to the several parties entitled thereto." Before receiving the warrant or the money he is required to give a bond to the State for the faithful performance of his duties, and the law plainly contemplates that the money on the warrant shall be received from the State Treasurer. The beneficiaries are officers and employees of the State, and their compensation or salaries are payable from state funds. The law is but a simple and convenient method of making such payments. How can this be done unless there is an appropriation for such purpose, when the constitution provides that no money shall be paid from the state treasury except in pursuance of an appropriation made by law? Const. Or. Art. IX, § 4.

The only substantial change made by the act of 1905 in the method of paying the employees of the asylum from that provided in Section 3617, B. & C. Comp., adopted in 1882, is that one warrant shall issue to the superintendent covering the entire amount of the monthly pay roll, and he shall receive and disburse the money in place of a warrant issuing to each individual employee; and it is argued that it was therefore the intention of the legislature by the latter act to re-enact the law so far as the issuance of a warrant in payment of the employees of the asylum is concerned, as it was prior to the passage of Section 2398. But this would make the act of 1905 apply in one way to the asylum, and in quite another to the other institutions and boards named therein. In the case of the asylum the Secretary would be required to issue a warrant on the approved pay roll, whether there was an appropriation or not, and in all other cases he would be prohibited from so doing. Such an intention cannot be attributed to the legislature. The law of 1905 is not an amendment of Section 3617, but is an original act, and was intended to apply alike to all the institutions and boards named therein. It does not change or modify the law prohibiting the Secretary

from issuing a warrant unless there is an unexpended appropriation applicable to its payment, and the judgment of the court below is affirmed.                                        AFFIRMED.